UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------  x
CERATOSAURUS INVESTORS LLC, and                        :
CANYON CAPITAL ADVISORS LLC,                           :
                                                       :
                Petitioner,                            :
                                                       :
                                                       :  Case No.
        v.                                             :
                                                       :
                                                       :
BRANDON WILLIAMS,                                      :
                                                       :
                Respondent.                            :
-----------------------------------------------------  x
```

**PETITIONERS' PETITION TO CONFIRM ARBITRATION AWARD**

Dated: May 23, 2025                         CROWELL & MORING LLP
                                            Two Manhattan West
                                            375 Ninth Avenue
                                            New York, NY 10001

                                            *Attorneys for Petitioners*
                                            *Ceratosaurus Investors LLC and*
                                            *Canyon Capital Advisors LLC*

Petitioners Ceratosaurus Investors LLC and Canyon Capital Advisors LLC ("Petitioners"), by and through their attorneys, bring this petition for an order pursuant to 9 U.S.C. § 9, confirming and entering judgment on the arbitration award issued on May 12, 2025 (the "Award"). Petitioners respectfully allege the following:

## PARTIES

1. Petitioner Ceratosaurus Investors LLC ("Ceratosaurus") is a Delaware LLC and a special purpose vehicle that invests in distressed assets. Ceratosaurus is managed by Farallon Capital Management, LLC, a Delaware LLC with its principal place of business in San Francisco, California.

2. Petitioner Canyon Capital Advisors LLC ("Canyon") is a Delaware LLC with its principal place of business in Dallas, Texas. Collectively, Ceratosaurus and Canyon are the "Petitioners".

3. On information and belief, Respondent Brandon Williams is an individual residing at 401 Vogts Ln, Essex, Maryland.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are not residents of the same state and the amount in controversy exceeds $75,000.

5. Venue is also proper in this Court pursuant to 9 U.S.C. § 9 because the arbitration provision designated New York City as the appropriate venue to arbitrate the Parties' dispute and the arbitration hearing took place in New York.

6. This Petition is brought within one year after the delivery of the Award to Petitioner, and the Award has not been vacated or modified upon any ground specified in 9 U.S.C. § 11.

## FACTUAL BACKGROUND

7. On January 19, 2023, Genesis Global Capital filed a voluntary petition

pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Action"). At the time, Respondent, as a creditor to Genesis Global Capital, claimed to be owed:

    a. 83.8184905071369 Bitcoin;

    b. $20,352,886.1907106 of United States Dollars ("USD"); and

    c. 30,577,944.224744 in stablecoin ("USDC").

8. On or about May 16 and 17, 2024, Respondent negotiated an agreement, through a third-party broker, to sell the USD and USDC portions of his claim (the "Claim") to Petitioners.

9. On May 17, 2024, Petitioners and Respondent signed a Claim Sale Agreement ("CSA") wherein Respondent agreed to sell the Claim to Petitioners for a purchase rate of 92.25 percent.

10. The CSA provided in relevant part that (a) the Petitioner and the Respondent agreed "to be fully bound by this Agreement"; and (b) "that any dispute under this Agreement shall be determined by arbitration in accordance with the Federal Arbitration Act administered by JAMS (Judicial Arbitration and Mediation Services, Inc.) under New York law, held in New York City." A copy of the CSA is attached as Exh. A, and its terms are incorporated by reference.

11. Also on May 17, 2024, and after the CSA had been fully executed by the parties, Judge Sean H. Lane, presiding over the Bankruptcy Action, confirmed the Debtors' Chapter 11 Plan, which allowed USD and USDC claims to be distributed in short order, and at 100 percent of the stated claim amount.

12. Neither the Petitioner nor the Respondent had any advance knowledge of when Judge Lane would issue his decision regarding the Debtors' Chapter 11 Plan, or what the specific decision would be.

13. On May 19, 2024, Respondent sent an email breaching the CSA ("Breach Email"), stating in relevant part:

> [A]fter seeking counsel from my bankruptcy lawyers representing my claim in the Genesis Bankruptcy relative to the release of Judge Lane's opinion late Friday I no longer wish to proceed in selling my claim at this time. I will wait to see if DCG files an appeal and proceed accordingly. You'll be the first guy I reach out to.

14. On June 25, 2024, counsel for Petitioners served Respondent and the Arbitrator with their Arbitration Statement of Claim outlining Respondent's breach of the CSA and requesting alternative relief; either that the Arbitrator enforce the CSA and require Respondent to transfer all rights and title to the Claim or, in the alternative, compensate Petitioners for the damages and losses suffered due to Respondent's breach. Respondent acknowledged and accepted service of the Arbitration Statement of Claim. Petitioners' Arbitration Statement of Claim is attached as Exh. B.

15. The Parties selected the Honorable James Orenstein as the Arbitrator.

16. At no time did the Respondent challenge the jurisdiction of the Arbitrator. To the contrary, On July 11, 2024, Respondent served Petitioners with his Response to the Arbitration Statement of Claim. Respondent's Response to the Arbitration Statement of Claim is attached hereto as Exhibit C.

17. Also on July 11, 2024, Respondent attempted to assert third-party claims against the entity that brokered the CSA, Cherokee Acquisition. A copy of the Respondent's Statement of Claim Against Third-Party Respondents is attached as Exh. D.

18. On August 2, 2024, Respondent received his Claim distribution in the amount of $20,335,768.72 and $30,569,806.37. In total, Respondent received $50,905,575.10.

19. On March 31, 2025, the Arbitrator conducted an evidentiary hearing in New York. After considering the parties' prehearing submissions, the evidence presented during the hearing which included Respondent's live testimony, and the parties post-

hearing submissions, the Arbitrator duly issued a written, signed award (the "Award"). A true and correct copy of the Award is attached as Exh. E.

20. The Arbitrator found Respondent to be liable to Petitioners for breach of the CSA and determined that the proper calculation of damages owed to Petitioners was the difference between the rate at which Respondent was paid (100) and the agreed purchase rate (92.25) in the CSA, multiplied by the amount Respondent received ($50,905,575.10). Therefore, the Arbitrator awarded Petitioners 7.75 percent of $50,905,575.10, or $3,945,182.07 in damages.

21. Pursuant to CPLR § 5004(a), the Arbitrator further awarded Petitioners pre-judgment interest at an annual rate of nine percent from the date of the breach through the date of the Award. Applying an annual interest rate of nine percent to $3,945,182.07 over the course of one year, the Arbitrator awarded Petitioners $350,202.463 in pre-judgement interest.

22. Following the Award, the Respondent refused to voluntarily pay the Petitioners.

23. Accordingly, Petitioners now bring this Petition to Confirm the Award, and to impose upon the Respondent post-judgement interest pursuant to CPLR § 5004 (a) at 9% from the date of the Award until the Respondent's liability to the Petitioner is fully satisfied.

24. There has been no prior request for this or any similar relief from this or any other court of competent jurisdiction.

### **PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully request that this Court issue an order:

A. Confirming the May 12, 2025 Award;

B. Awarding Petitioners post-judgment interest in the amount of nine percent calculated from the date of the Award;

C. Awarding Petitioners their costs in this action including reasonable attorney's fees

    and disbursements; and

D.    Granting any such further relief the Court may deem just and proper.

Date:  May 23, 2025　　　　　　　　　CROWELL & MORING LLP

　　　　　　　　　　　　　　　　　　　By: /s/ Eric S. Aronson
　　　　　　　　　　　　　　　　　　　Eric S. Aronson
　　　　　　　　　　　　　　　　　　　Two Manhattan West
　　　　　　　　　　　　　　　　　　　375 Ninth Avenue
　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　(212) 590-5428 (Office)
　　　　　　　　　　　　　　　　　　　(202) 628-5116 (Fax)
　　　　　　　　　　　　　　　　　　　earonson@crowell.com

　　　　　　　　　　　　　　　　　　　*Attorney for Claimants*
　　　　　　　　　　　　　　　　　　　*Ceratosaurus Investors LLC and Canyon Capital*
　　　　　　　　　　　　　　　　　　　*Advisors LLC*

## **VERIFICATION**

Eric S. Aronson, an attorney duly admitted to practice before the courts of the State of New York affirms pursuant to CPLR Rule 2106 as follows:

 I am the attorney for the Petitioners in the instant proceeding. As the Petitioners reside outside of New York County, I make this verification pursuant to CPLR § 3020(d)(3). I have drafted and reviewed the foregoing Verified Petition and know the contents thereof to be true to my own knowledge and belief, except as to those matters stated therein which are alleged upon information and belief, and, as to those matters, I believe them to be true.

Dated: May 23, 2025

                /s/ Eric S. Aronson
                Eric S. Aronson