USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10/1/25_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CERATOSAURUS INVESTORS LLC, and
CANYON CAPITAL ADVISORS LLC,

                    Petitioners,

          - against -

BRANDON WILLIAMS,

                    Respondent.

---

**25-CV-4378 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

   Petitioners Ceratosaurus Investors LLC and Canyon Capital Advisors LLC (collectively, "Petitioners") brought this action against Respondent Brandon Williams ("Williams") to confirm an arbitration award. Now before the Court is Petitioners' unopposed petition to confirm the award (the "Petition"). (See "Pet.," Dkt. No. 1.) Petitioners also seek pre- and post-judgment interest and attorneys' fees and costs incurred in litigating this federal action. (See id.) For the reasons explained below, the Petition is **GRANTED IN PART** and **DENIED IN PART**, as the Court confirms the arbitration award and grants the request for pre- and post-judgment interest in part, with modifications made to the requested post-judgment interest rate, but declines to award attorneys' fees and costs.

## I. <u>BACKGROUND</u>

On May 12, 2025, the arbitrator in an arbitration proceeding between Petitioners and Williams issued a Final Award (the "Arbitration Award" or "Award"). (<u>See</u> "Award," Dkt. No. 1-5). The arbitrator awarded Petitioners $4,295,384.533, representing $3,945,182.07 in damages and $350,202.463 in pre-award interest. (<u>See</u> <u>id.</u>) On May 23, 2025, Petitioners commenced this action for confirmation and enforcement of the Arbitration Award under 9 U.S.C. § 9 by filing the Petition. (<u>See</u> Pet.) Along with the Petition, Petitioners submitted several exhibits related to the underlying dispute and arbitration. (<u>See</u> Dkt. Nos. 1.) On June 5, 2025, Petitioner's counsel submitted a declaration averring that Petitioner had served Williams with the Petition. (<u>See</u> Dkt. No. 5.) On July 2, 2025, Petitioners notified the Court that Williams had informed Petitioners that he would not oppose the Petition. (<u>See</u> Dkt. Nos. 8, 8-1.) To date, Williams has not entered an appearance in this action or contested the Petition.

## II. <u>STANDARD OF REVIEW</u>

"The Federal Arbitration Act provides a streamlined process for a party seeking to confirm, vacate, or modify an arbitration award." <u>Global Gold Mining LLC v. Caldera Res.,</u>

<u>Inc.</u>, No. 18 Civ. 4419, 2019 WL 367824, at *4 (S.D.N.Y. Jan. 30, 2019) (citation omitted). In furtherance of this streamlined procedure, judicial review of an arbitral award is sharply circumscribed "so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." <u>Scandinavian</u> <u>Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.</u>, 668 F.3d 60, 71-72 (2d Cir. 2012) (citation omitted). Even where a Court believes the arbitrator was incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. <u>See, e.g.</u>, <u>United Paperworkers Int'l</u> <u>Union v. Misco, Inc.</u>, 484 U.S. 29, 38 (1987). Generally, confirmation of an arbitration award "merely makes what is already a final arbitration award a judgment of the court." <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted).

Where, as here, a petition to confirm an arbitration award is unopposed, courts in the Second Circuit treat the petition as "akin to a motion for summary judgment based on the movant's submissions." <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d 95, 109 (2d Cir. 2006). Accordingly, a court "may not grant the [petition] without first examining the [petitioning] party's submission to determine" that the petitioner has met its burden of demonstrating the absence of

3

any material issue of fact. Id. (quoting Vermont Teddy Bear
Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).
That burden is "not an onerous one" and requires only "a
barely colorable justification for the arbitrator's
conclusion." Neshgold LP v. N.Y. Hotel & Motel Trades Council,
AFL-CIO, No. 13 Civ. 2399, 2013 WL 5298332, at *7 (S.D.N.Y.
Sept. 19, 2013) (internal quotation marks omitted).

### III. DISCUSSION

#### A. CONFIRMATION OF THE ARBITRATION AWARD

Having reviewed the Petition and the accompanying
documents, the Court finds that Petitioners have met their
burden for confirmation of the Arbitration Award.[1] The
arbitrator acted within the scope of his authority. See New
York City Dist. Council of Carpenters v. Gen-Cap Indus., Inc.,
No. 11 Civ. 8425, 2012 WL 2958265, at *3 (S.D.N.Y. July 20,
2012). The parties' "Claim Sale Agreement," submitted by

---

[1] Petitioners did not file a memorandum of law in support of the Petition.
The Federal Arbitration Act provides that "[a]ny application to the court
hereunder shall be made and heard in the manner provided by law for the
making and hearing of motions." 9 U.S.C. § 6. This District's Local Civil
Rule 7.1(a) requires that all motions include a memorandum of law.
Although Petitioners failed to abide by that rule, "nothing in the Civil
Rules of the Southern District requires a court to [penalize] a party for
noncompliance" with the memorandum of law requirement. D.H. Blair & Co.,
462 F.3d at 109 n.2 (cleaned up) (holding that the "failure to submit a
memorandum [of law] . . . did not obviate" the opposing party's "need to
respond" to a petition to confirm in part and vacate in part an arbitration
award). Accordingly, the Court exercises its "broad discretion" to
"overlook" Petitioners' failure to comply with this Court's individual
practice. Id. (quoting Holtz v. Rockefeller & Co., 258 F. 3d 62, 73 (2d
Cir. 2001)).

Petitioners, states that any dispute under that agreement will be determined by arbitration under the Federal Arbitration Act. (See Dkt. No. 1-1.) Further, Petitioners have shown that there is no dispute of material fact and that they are entitled to judgment as a matter of law. See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. BP Interiors Corp., No. 23 Civ. 10692, 2024 WL 4150726, at *1 (S.D.N.Y. Aug. 5, 2024). The arbitrator's factual findings and conclusions of law, contained in the Arbitration Award submitted by Petitioners, (see Award,) provide a "colorable justification" for the Award, see Neshgold LP, 2013 WL 5298332, at *7. The Court therefore confirms the Arbitration Award in the amount of $4,295,384.533.

B.   PRE- AND POST-JUDGMENT INTEREST

Petitioners also seek to recover pre- and post-judgment interest. (See Pet. at 5.) Petitioners describe their request as one for "post-judgment interest . . . from the date of the Award until the Respondent's liability to the Petitioner[s] is fully satisfied." (Id.) The Court interprets this request as one for post-award, pre- and post-judgment interest, and grants the request in part.

District courts have discretion to award pre-judgment interest in an arbitration confirmation action and apply a "presumption in favor of pre-judgment interest." Waterside

Ocean Nav. Co. v. Int'l Nav. Ltd., 737 F.2d 150, 154 (2d Cir.
1984); see, e.g., 1199/SEIU United Healthcare Workers E. v.
S. Bronx Mental Health Council Inc., No. 13 Civ. 2608, 2014
WL 840965, at *8 (S.D.N.Y. Mar. 4, 2014). "The common practice
among courts within the Second Circuit is to grant interest
at a rate of nine percent per annum," which constitutes the
rate of prejudgment interest under New York state law, "from
the time of the award to the date of the judgment confirming
the award." Gen-Cap Indus., 2012 WL 2958265, at *4 (internal
quotation marks omitted); see also Finger Lakes Bottling Co.
v. Coors Brewing Co., 748 F. Supp. 2d 286, 292-93 (S.D.N.Y.
2010) (applying a nine percent interest rate pursuant to N.Y.
C.P.L.R. § 5004). Additionally, the parties' contract
provides that any dispute under the Agreement be decided under
New York law. (See Dkt. No. 1-1.) Accordingly, Petitioners'
request for pre-judgment interest is granted, at the rate of
nine percent per annum pursuant to N.Y. C.P.L.R. § 5004, from
May 12, 2025, the date of the Arbitration Award, to the date
of entry of this judgment.

The Court also finds that Petitioners are entitled to an
award of post-judgment interest, but not at the rate that
Petitioners request. Petitioners request application of New
York law's nine percent post-judgment interest rate,
consistent with the pre- and post-award pre-judgment interest

rates. (See Pet. ¶ 21.) But under 28 U.S.C. § 1961 ("Section 1961"), the award of post-judgment interest at the federal interest rate is mandatory on awards in civil cases, absent clear language in a contract displacing the post-judgment federal interest rate.[2] See Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017); see also AXA Versicherung AG v. New Hampshire Ins. Co., 962 F. Supp. 2d 509, 512 (S.D.N.Y. 2013) (Section 1961 applies to actions to confirm an arbitration award). The parties' contract lacks "clear, unambiguous and unequivocal language" manifesting the parties' intent to deviate from Section 1961. Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2004) (internal quotation marks omitted). Accordingly, neither the arbitrator's determination of the pre-award interest rate nor the parties' selection of New York law supplants the post-judgment interest rate set by federal law. See Maersk Line Ltd. v. Nat'l Air Cargo Grp., Inc., No. 16 Civ. 6272, 2017 WL 4444941, at *4 (S.D.N.Y. Oct. 4, 2017).

Petitioners are therefore entitled to post-judgment interest at the federal statutory rate defined in Section

---

[2] The Section 1961 interest rate is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a).

1961, which shall be calculated from the date of entry of this judgment.

    C.   <u>ATTORNEYS' FEES AND COSTS</u>

    Petitioners also seek an award of attorneys' fees and costs they incurred in litigating the instant Petition. (<u>See</u> Pet. at 5-6.) A party seeking an award of attorneys' fees is required to support its request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." <u>N.Y. State Ass'n for Retarded Children v. Carey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983); <u>see also</u> <u>Tabak v. Lifedaily, LLC</u>, No. 21 Civ. 04291, 2021 WL 5235203, at *6 (S.D.N.Y. Nov. 9, 2021) (a party "seeking to recover cost[s] is required to submit bills or receipts of claimed expenses"). Petitioners have not submitted an assessment of their attorneys' fees and costs — much less any supporting documentation — to back up their request. Because Petitioners have failed to provide the Court with any basis by which to determine the reasonableness — or even the amount — of their billing rates, hours spent, and litigation costs, their request for attorneys' fees and costs is denied.

## IV.  <u>ORDER</u>

    For the foregoing reasons, it is hereby

ORDERED that the Petition (Dkt. No. 1) of Ceratosaurus Investors LLC and Canyon Capital Advisors LLC (collectively, "Petitioners") for confirmation of the Final Award dated May 12, 2025 (the "Arbitration Award") is **GRANTED IN PART** and **DENIED IN PART**; and it is further

ORDERED that judgment against respondent Brandon Williams is entered in the amount of $4,295,384.533, plus pre-judgment interest from May 12, 2025, through the date of this judgment at a rate of nine percent per annum; it is further

ORDERED that the Clerk of Court award Petitioners post-judgment interest that will accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date of entry of this judgment until the judgment is paid; and it is further

ORDERED that Petitioners' request for costs and fees associated with this proceeding is **DENIED**.

The Clerk of Court is directed to dispose of any pending motions and to close this case.


**SO ORDERED.**

Dated:    1 October 2025
          New York, New York

_____
Victor Marrero
U.S.D.J.